UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **TIMBERLY MYGATT**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15-cv-01947-RLW |
| | ) |
| **MEDICREDIT, INC.**, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
HER MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I.  INTRODUCTION**

The undisputed facts demonstrate that summary judgment is appropriate in Plaintiff's favor with respect to Defendant Medicredit, Inc.'s liability under 15 U.S.C. § 1692e(2)(A).  The contents of Medicredit's December 24, 2014 and April 25, 2015 letters, along with the October 2015 collection call, are not in dispute, and the parties agree as to all relevant facts.  The only remaining question is one of law: whether Medicredit violated the FDCPA when it informed Plaintiff that she owed a single "Balance Due" on a medical debt but subsequently assessed and attempted to collect interest beyond the static balance amount listed within its letter.

This District has already addressed this issue and confirmed that the language Medicredit employed within its collection letters violates Section 1692e(2)(A) as a matter of law.  *See Wideman v. Kramer and Frank, P.C.*, No. 4:14CV1495 SNLJ, 2015 WL 1623814 (E.D. Mo. Apr. 10, 2015; *Ray v. Resurgent Capital Servs., L.P.*, No. 4:15CV272 JCH, 2015 WL 3453467 (E.D. Mo. May 29, 2015); and *May v. Consumer Adjustment Co., Inc.*, 4:14CV166 HEA, 2015 WL 4506688, at *7 (E.D. Mo. July 24, 2015).  Unable to avoid these decisions, Medicredit contests within its own Motion for Summary Judgment that each of the judges within our District

has reached an "erroneous" conclusion (Doc. # 27, at 4) and asks that this Court to instead apply the reasoning adopted in an out-of-circuit district court case: *Adlam v. FMS, Inc.*, No. 09 CIV. 9129 (SAS), 2010 WL 1328958 (S.D.N.Y. Apr. 5, 2010), which has since been overturned.

For the reasons our District has already outlined, as further provided below, Plaintiff respectfully requests this Court grant her Motion for Partial Summary Judgment on the issue of liability under Section 1692e(2)(A) against Defendant Medicredit.

## II. STANDARD OF REVIEW

A plaintiff is entitled to summary judgment if the evidence, viewed in the light most favorable to the defendant, shows that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Allianz Ins. Co. of Can. V. Sanfleben*, 454 F.3d 853, 855 (8th Cir. 2006); F.R.C.P. 56(c). A defendant may not simply rest on the allegations of the pleadings, but must come forward and designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Under the FDCPA, "the question whether a communication is false and deceptive in violation of section 1692e is a question of law for the Court." *Kalebaugh v. Berman & Rabin, P.A.*, 43 F. Supp. 3d 1215, 1222 (D. Kan. 2014). Even those courts who have not adopted this bright-line rule agree that a Section 1692e claim does not "require a jury trial if material facts are not disputed and the court is able to decide the case as a matter of law based on the language of the collection letter." *Id.*

## III. THE UNDISPUTED FACTS

Medicredit sent Plaintiff a letter dated December 24, 2014 in an attempt to collect four separate past due medical accounts originating with Missouri Delta Medical Center. It is undisputed that the underlying debt did not involve a credit card account. It is undisputed that Plaintiff's original creditor never assessed any interest on her accounts before sending them to

collections. It is undisputed that Medicredit did not list the amount due within its December 2014 letter as the "Current Balance." Instead, Medicredit informed Plaintiff to "Pay *This Amount*" of $300.23. Unbeknownst to Plaintiff, and in contrast to her original creditor, Medicredit was assessing interest of 9% per annum causing the amount to increase after the date Medicredit mailed its letter. Medicredit sent a subsequent collection letter dated April 25, 2015 which listed a different account number and amount due. Plaintiff called Medicredit after receiving the April 25, 2015 collection letter. During the call, Medicredit admitted that it was actively assessing interest on her debt beyond the static balance listed within her letter. Medicredit then attempted to collect an even higher amount from Plaintiff. Plaintiff subsequently learned that the letters were related to the same debt, and that the amounts differed because Medicredit was assessing interest on a medical debt. It is undisputed that Medicredit never disclosed this fact to Plaintiff within any of its collection letters.

### IV.  ARGUMENT

**A.    Plaintiff Satisfies the Threshold Inquiry:  She is a Consumer and Defendant is a Debt Collector.**

To prevail on her FDCPA allegations, Plaintiff must prove that 1) she is a consumer, 2) Medicredit is a debt collector, 3) there was an attempt to collect a debt, and 4) Medicredit violated, by act or omission, a provision of the FDCPA. *See Creighton v. Emporia Credit Serv., Inc.*, 981 F. Supp. 411, 414 (E.D. Va. 1997); *Isaacson v. Saba Commercial Servs. Corp.*, 636 F. Supp. 2d 722, 724 (N.D. Ill. 2009). Plaintiff is a "consumer" because she is a natural person whom Medicredit alleges is obligated to pay a debt. *See* 15 U.S.C. § 1692a(3); Plaintiff's Statement of Uncontroverted Facts ("SOF") ¶ 1,3. The debt that Plaintiff owes would arise primarily for personal, family, or household purposes—a medical bill. 15 U.S.C. § 1692a(5); SOF ¶ 2. Medicredit is a "debt collector," an entity "who regularly collects or attempts to

collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); SOF ¶ 3. Plaintiff has established that Medicredit attempted to collect a debt from Plaintiff. SOF ¶¶ 4–5, 25. Lastly, as outlined below, the undisputed evidence demonstrates that Medicredit violated Section 1692e(2)(A) of the FDCPA.

B.  **Medicredit Violated Section 1692e(2)(A) By Sending Collection Letters Regarding a Medical Debt Without Disclosing that It Was Assessing and Attempting to Collect Interest Beyond the Static "Balance Due" Listed Within Its Letters.**

Section 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including the "false representation of the character, amount, or legal status of any debt." *Id.* § 1692e(2)(A). This requirement applies to all collection letters, including, but not limited to, the debt collector's initial letter. *See id*.

A representation regarding the amount of a debt is misleading "where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Michalek v. ARS Nat. Sys., Inc.*, Civil Action No. 3:11–CV–1374, 2011 WL 6180498, *4 (M.D. Penn. Dec. 13, 2011). If a letter does not even hint that interest will continue to accrue, it misleads the unsophisticated consumer because "it would be possible to interpret 'balance' to mean that it was either a dynamic or static amount." *Id.* Accordingly, if undisclosed late charges or interest will accumulate after the date of the letter, increasing the actual balance due, it is axiomatic that the letter must provide a disclosure of the same. *Jones v. Midland Funding*, LLC, No. 3:08–CV–802 (RNC), 2012 WL 1204716, at *2 (D. Conn. April 11, 2012). A debt collector thus violates Section 1692e(2)(A) when it merely states a single "balance due" on an account that is accruing interest and fails to state disclose that interest is accruing or at least provide "the effective date as of which [that] amount would suffice to pay off the debt in full." *Dragon v. I.C. System, Inc.*, 483 F. Supp. 2d 198, 202 (D. Conn. 2007). The reasoning for such a disclosure is manifest: it

"prevent[s] confusion by debtors for whom the 'exact amount due' is a constantly shifting target due to accruing interest and accumulating unpaid charges." *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003). Where, as here, the amount indicated on a collection letter is already false by the time the consumer receives the communication (SOF, ¶¶ 15, 23), the debt collector has necessarily failed to accurately represent the "character or amount" of the debt.

C.  **This District's Decisions Support Judgment in Favor of Plaintiff on Her Section 1692e and 1692g Claims.**

This District has already addressed whether a debt collector must disclose that it is assessing and attempting to interest on the debt within its collection letter. *See Wideman v. Kramer and Frank, P.C.*, No. 4:14CV1495 SNLJ, 2015 WL 1623814 (E.D. Mo. Apr. 10, 2015); *Ray v. Resurgent Capital Servs., L.P.*, No. 4:15CV272 JCH, 2015 WL 3453467 (E.D. Mo. May 29, 2015). In *Wideman*, the consumer alleged that he received a collection letter from a debt collection law firm acting on behalf of Midland Funding. 2015 WL 1623814, at *1. As in this case, the letter stated that the consumer owed a "Balance Due" of $1,015.69. *Id.* The letter did not contain any language disclosing that the law firm was hired to collect accruing interest on behalf of Midland or that the amount due would change after the date of the letter. *Id.* After receiving the letter, the consumer called the law firm who informed him that the balance it was attempting to collect increased to $1,136.17. *Id.* Under these facts, the consumer filed an FDCPA action alleging violations of Sections 1692g(a)(1) and 1692e(2)(A). *Id.* The defendants moved to dismiss the case, arguing that the fact "the collection letter at issue did not state that the unpaid debt would accrue interest" did not violate the FDCPA. Judge Limbaugh disagreed and denied the defendants' motion to dismiss the § 1692e and § 1692g claims. *Id.* at *2. Judge Limbaugh reasoned that:

> The question is not simply whether the least sophisticated consumer knows that credit card debt accrues interest. The question is whether a validation notice listing a "balance" that is outdated when received and continues to accrue daily interest at an unspecified rate clearly and effectively states the amount of the debt. The least sophisticated consumer would not know the precise amount of the debt as of the date he received the letter, nor would he know how much he could pay to settle the debt if he did not pay by the time the offer expired.

*Id.* at *3 (*citing Jones v. Midland Funding, LLC*, No. 3:08-CV-802 RNC, 2012 WL 1204716, at *5 (D. Conn. Apr. 11, 2012).

Thereafter, in *Ray v. Resurgent*, Judge Hamilton addressed similar allegations under Section 1692e and 1692g. 2015 WL 3453467, at *1. In that case, the consumer received an initial collection letter arising out of a Sears credit card. *Id.* The letter was dated August 13, 2014 and listed a "Balance Due" of $2,733.16. *Id.* The letter did not state that the debt collector, Resurgent Capital, was attempting to collect accruing interest on behalf of the creditor, LVNV Funding. *Id.* Judge Hamilton cited to this District's earlier *Wideman* decision and noted that "[a]n omission of the fact that a balance listed in a collection letter was subject to increase due to the accrual of interest has been held to violate § 1692g(a)(1)." *Id.* at *6. Judge Hamilton "agreed with the reasoning of the *Wideman* court" and denied the defendants' motion. *Id.*

Most recently, in *May v. Consumer Adjustment Company Inc.*, a third-party debt collector moved to dismiss the plaintiff's Section 1692e claim arising out of the collector's failure to disclose that it was attempting to collect interest on a utility bill account. 2015 WL 4506688, at *2. Judge Autrey noted that the decisions which have held that debt collectors do not need to disclose they are attempting to collect interest all involved credit card debts. *Id.* at *7 (citing *Gill v. Credit Bureau of Carbon City.*, No. 14-CV-01888-KMT, 2015 WL 2128465 (D. Colo. May 5, 2015)). The underlying debt in *May*, in contrast, was a public utility account which previously was not accruing interest before being placed for collections. *Id.* at *1. Under those facts, Judge

Autrey agreed with this District's decisions in *Wideman* and *Ray* that if the debt collector attempted to collect interest that accrued after the date of the letter, the debt collector should disclose that interest will accrue on the face of the letter. *Id.* at *7.

**D.     Every Circuit Court of Appeals Decision that Has Addressed the Issue Supports Judgment in Favor of Plaintiff on Her Section 1692e(2)(A) Claims.**

Recently, on March 22, 2016, the Second Circuit issued its ruling in *Avila v. Riexinger & Associates, LLC*, and, consistent with our District, confirmed that if a debt collector is hired to collect ever-accruing interest that will cause the amount due to increase after the date of the letter, it must "disclose that the balance might increase due to interest and fees." No. 15-1584, 2016 WL 1104776, at *4 (2d Cir. Mar. 22, 2016). In *Avila*, a debt collection law firm sent the plaintiff an initial collection letter which listed the amount of the debt, but the letter did not disclose that the law firm was assessing and attempting to collect interest beyond the "balance" listed within the letter. *Id.* The District Court for the Eastern District of New York granted the debt collector's motion to dismiss, relying upon decisions that originated within the district courts of New York; namely the oft-cited cases of *Pifko v. CCB Credit Servs., Inc.*, No. 09-CV-3057 (JS), 2010 WL 2771832 (E.D.N.Y. July 7, 2010) and *Adlam v. FMS, Inc.*, No. 09 CIV. 9129 (SAS), 2010 WL 1328958, at *1 (S.D.N.Y. Apr. 5, 2010). *Id.* Notably, Medicredit relies upon the *Adlam* decision within its own Motion for Summary Judgment as its only case in support of the proposition that debt collectors do not need to disclose they are assessing and attempting to collect interest on a debt. (Doc. # 27, at 3).

The plaintiff appealed, and the Second Circuit Court of Appeals overturned its lower district courts, including *Adlam*, and stated unequivocally that "Section 1692e of the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees." *Id.* at *3. The Court reasoned as follows:

> A reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice. In fact, however, if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full.

*Id.* at *2.

Therefore, as the Court concluded, a debt collector violates Section 1692e unless its letter either "informs the consumer that the amount of the debt stated in the letter will increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date." *Id.* at *4. Assuming the truth of the plaintiff's allegations, the Court of Appeals held that the debt collector violated Section 1692e because, as in this case, the letter "stated only the 'current balance; but did not disclose that the balance might increase due to interest and fees." *Id.*

Here, the question is not whether the disclosures were sufficient – it is undisputed that, as in *Avila*, Medicredit failed to provide <u>any</u> indication that the amount it was attempting to collect would increase due to interest. SOF ¶¶ 7-9.  Thus, under the undisputed facts of this case, the applicable and "highly persuasive" Court of Appeals decision supports partial summary judgment on liability under Section 1692e(2)(A) in Plaintiff's favor.[1]

E.  **Multiple Courts Have Granted Summary Judgment in The Consumer's Favor under Similar Facts.**

The District Court of Colorado granted summary judgment in the consumer's favor on liability under <u>identical</u> facts at issue here. *Gill v. Credit Bureau of Carbon City.*, No. 14-CV-

---

[1] In light of the absence of any Eighth Circuit ruling, "the decision of a court of appeals for another circuit is entitled to great weight and will be highly persuasive." *Maple v. Citizens Nat. Bank & Trust Co.*, 437 F. Supp. 66, 68-69 (W.D. Okla. 1977).

01888-KMT, 2015 WL 2128465 (D. Colo. May 5, 2015).² As in our case, the debts in *Gill* arose from multiple dates of medical services the plaintiff received. *Id.* at *1. After the plaintiff was unable to pay the bills, the original creditor hired the defendant to collect the outstanding amounts. *Id.* The defendant sent two initial collection letters for each medical account that listed higher balances than the hospital's final bills. *Id.* The letters did not disclose that the reason the balances differed was because of accrued interest or that the defendant would continue to assess and collect interest after the date of the letters. *Id.* Under these facts, the court held "the Letters violated Section 1692e as a matter of law by failing to state that the Debt was accruing interest." *Id.* at *6.

In addition to *Gill* – which our District cited approvingly – multiple other district courts have granted summary judgment in favor of consumers on their claims under § 1692g and § 1692e. For example, in *Dragon v. I.C. Systems, Inc.*, the debt collector sent an initial collection letter regarding an unpaid balance on a Dell consumer credit card that listed a "Balance Due" of $136.64. 483 F. Supp. 2d at 203. The undisputed evidence demonstrated that the debt collector was hired to collect interest and fees that continued to accrue on the account after the date of the letter. *Id.* The defendant sent a second collection letter that listed an increased "Balance Due". *Id.* Under these facts, the plaintiff moved for summary judgment on her § 1692g claim for the defendant's failure to disclose the accurate amount of the debt. *Id.* The plaintiff argued that the letter was misleading because it listed the "Balance Due" as "a sum certain." *Id.* However, the evidence revealed that the defendant "was hired to collect a balance that it knew would increase on a per diem basis, and monthly, by the amount of interest accrued and late charges." *Id.* The court agreed and granted partial summary judgment as to the defendant's liability under § 1692g.

---

² Notably, in *May v. Consumer Adjustment Company, Inc.*, Judge Autrey of this District drew heavily from *Gill* in denying the defendant's motion to dismiss a consumer's Section 1692e claims, as noted *supra*.

*Id.* The court held that "not only did the collection notice not specifically indicate the date as of which the 'BALANCE DUE' amount was the full amount of the debt, it also was potentially misleading for the 'least sophisticated consumer' who could readily conclude that the total amount stated as due ($136.64) was due *at any time,* when in fact it was not and was subject to adjustment by Dell on a periodic basis." *Id.* (emphasis in original).

In *Lukawski v. Client Services, Inc.*, the court adopted similar reasoning in the context of claims under Section 1692e. No. 3:12-CV-02082, 2013 WL 4647482 (M.D. Pa. Aug. 29, 2013). In *Lukawski*, the debt collector sent its initial collection letter to recover a credit card debt. The letter contained a "Balance Due" of $1,035.91 and properly included a disclosure that the amount may increase as a result of interest that would accrue after the date of the letter. *Id.* However, the debt collector removed the interest disclosure from its second letter and stated that, as of the date of its second letter, the plaintiff only owed a "Balance Due" of $1,096.75. *Id.* In ruling on the plaintiff's motion for partial summary judgment, the court concluded that each letter must be viewed on an individual basis. *Id.* Therefore, the court held that the second letter violated Section 1692e(2)(A), as a matter of law, because it mischaracterized the amount of the debt by failing to disclose that the defendant was going to continue and collect interest after the date of the second letter. *Id.* at *3.

F.  **The Facts of this Case Are Even Stronger Than Those in Which Summary Judgment Was Granted in the Consumers' Favor under Section 1692e.**

As this District has recognized, whether any given collection letter violates the FDCPA as a matter of law is not susceptible to a bright-line rule. *See May*, 2015 WL 4506688, at *8; *see also Gill*, 2015 WL 2128465 at *6. Rather, a plaintiff's motion for summary judgment on liability will turn on the operative language within the violative collection letter along with the particular circumstances of the underlying debt. *Id.* Judge Autrey instructed that the following

factors would ultimately bear on whether the debt collector violated the FDCPA as a matter of law: (1) whether the original creditor charged interest on the account before sending it to collections; (2) whether the debt collector listed the amount due as an "outstanding balance" or the "current balance"; (3) the whether the debt collector provided an "as of" date identifying when the it would honor payment in full if the consumer sent in payment for the balance listed within its letter; and (4) the underlying debt was not a credit card account. *Id.* (citing *Gill*, 2015 WL 2128465 at *6). Here, every potential factor this District has identified supports a finding that Plaintiff is entitled to judgment as a matter of law regarding Defendant's violation § 1692e(2)(A).

### (1) *The underlying debt is not a credit card account.*

The debt that Medicredit was hired to collect originated with Missouri Delta Medical Center. SOF ¶ 4. It was not a revolving credit account subject to the constant accrual of interest. SOF ¶¶ 5. Rather, the debt arose from four separate unpaid medical services. (*Id.*) After Plaintiff could not afford to pay her medical bill, Plaintiff's creditor sent her account to collections. SOF ¶¶ 29, 35, 41, 47. It was only after it was sent to collections that Defendant began assessing and collecting interest on the unpaid bill. SOF ¶¶ 7, 30-32, 36-38, 42-44, 48-50. In this regard, the instant case "is distinguishable from nearly all of the cases finding that the FDCPA does not impose a duty to inform the consumer that the debt is accruing interest. In those decisions . . . the debt at issue was credit card debt; thus, those courts distinguished the line of cases finding an affirmative duty to disclose the accrual of interest because 'even the most unsophisticated consumer would understand that credit card debt accrues interest.'" *Gill*, 2015 WL 2128465, at *6.

### *(2)   Medicredit did not provide a payoff date within its collection letter.*

If a debt collector does not disclose that it is assessing interest, its letter must at least inform the consumer that "the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date."  *Avila*, 2016 WL 1104776, at *4; *Dragon*, 483 F. Supp. 2d at 202 (D. Conn. 2007) (granting summary judgment in favor of the plaintiff because the collection letter "did not state the effective date as of which [the balance due] amount would suffice to pay off the debt in full.").  This is because a consumer "might believe that he could pay his debt in full by remitting the sum of the principal and interest stated in the [collection] letter at any time after he received that letter. Such a belief would be incorrect because the total amount of the debt was and is subject to periodic adjustment."  *Smith v. Lyons, Doughty & Veldhuius, P.C.*, No. CIV.A. 07-5139, 2008 WL 2885887, at *6 (D.N.J. July 23, 2008).  In this case, Defendant's December 24, 2014 letter contained a "Balance Due" of $300.23.  SOF ¶¶ 10, 12.  Plaintiff received the letter five days after the date printed on it.  SOF ¶ 14.  Due to the daily accrual of interest, the amount Medicredit provided within its letter was already false when Plaintiff opened her mail.  SOF ¶ 15.  The same was true with respect to Medicredit's April 25, 2015 collection letter.  SOF ¶¶ 22-23.  Not only did Medicredit fail to disclose that it was assessing interest on the debt, Medicredit also refused to provide an "as of" date (SOF ¶¶ 8-12, 16-20), "which might have signaled to Plaintiff that the Debt would increase if not paid in full within a certain amount of time."  *Gill*, 2015 WL 2128465, at *6.

### *(3)   Plaintiff's original creditor never assessed interest on the account before sending it to collections.*

In Missouri, absent an agreement for contractual interest, creditors may assess interest on a debt at the statutory rate of nine percent after the debt becomes due and the creditor sends a demand for payment.  Mo. Rev, Stat. § 408.020.  Assuming, without agreeing, that Plaintiff's

original creditor possessed the legal authority to assess interest on her account, Missouri Delta Medical Center made the decision to never assess any interest on Plaintiff's debt – statutory or otherwise.  SOF ¶ 8.  The aggregate amount due for all four of Plaintiff's unpaid medical services was $271.00.  SOF ¶ 7.  The dates of the medical services included October 2012, November 2012, and March 2013.  SOF ¶¶ 27, 33, 39, 45.  Missouri Delta did not send any accounts to Medicredit for collections until June 12, 2013.  SOF ¶¶ 29, 35, 41, 47.  During that time, Missouri Delta still chose not to assess any interest on the account.  SOF ¶¶ 30, 36, 42, 48.  At the time Medicredit obtained the accounts in its office, Plaintiff still only owed the aggregate of $271.00.  SOF ¶¶ 31, 37, 43, 49.  As in *Gill*, "the original creditor on the accounts comprising the Debt never collected or attempted to collect interest from Plaintiff. Thus, Plaintiff had no prior notice that the amount of the Debt was likely to change due to accruing interest."  *Gill*, 2015 WL 2128465, at *5.

> **(4)** *Defendant represented that the amount within its letter was the "Balance Due" on the account rather than the "Current Balance".*

In addition to failing to disclose that it was assessing and attempting collect interest on the account, Medicredit neglected to provide any other indication that the amount within its December 24, 2014 and April 25, 2015 letters would increase.  In fact, the manner in which Medicredit framed the amount of the debt provided the exact opposite conclusion.  Medicredit did not state that the amount it was attempting to collect was the "Current Balance."  SOF ¶¶ 9, 17.  Medicredit did not state that the balance was the "Outstanding Amount" as of the date of the letter.  (*Id.*)  Rather, Medicredit affirmatively stated that the amount listed was the "Balance Due" on the account.  Medicredit went even further and informed Plaintiff to "Pay This" amount listed within the letters, despite the fact that the amount changed by the time Plaintiff received the letters.  SOF ¶¶ 12, 15, 20, 23.  Because, as in *Gill*, Medicredit's letters did not list the

amount as the "'outstanding balance' or 'current balance,'" this Court should similarly find that Medicredit's failed to accurately represent the entire amount it was attempting to collect from Plaintiff, in violation of § 1692e(2)(A).

## V. CONCLUSION

Plaintiff is entitled to summary judgment on her Section 1692e(2)(A) claim because the undisputed facts establish that Medicredit demanded a bare balance due when, in fact, it was simultaneously assessing and attempting to collect interest on Plaintiff's account without any notification of the same. Therefore, Plaintiff is entitled to judgment as a matter of law, and respectfully requests that this Court grant her Motion for Partial Summary Judgment and allow her to submit the issue of statutory and actual damages to a jury.

Respectfully submitted,

**BRODY & CORNWELL**

/s/ Bryan E. Brody

_____
BRYAN E. BRODY, #57580MO
ALEXANDER J. CORNWELL, #64793MO
1 North Taylor Ave.
St. Louis, Missouri 63108
Phone: (314) 932-1068
Fax:     (314) 667-3161
Bryan.E.Brody@gmail.com

## **CERTIFICATE OF SERVICE**

The undersigned attests that, on August 24, 2016, the foregoing document was served by operation of the Court's electronic filing system on the following counsel of record:

Scott J. Dickenson
Ryan C. Hardy
SPENCER FANE LLP
1 N. Brentwood Blvd., Suite 1000
St. Louis, Missouri 63105
*Attorneys for Defendant*

/s/ Bryan E. Brody
_____