UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMBERLY MYGATT, | ) |
| | ) |
| Plaintiff, | ) No. 4:15-CV-1947 RLW |
| | ) |
| v. | ) |
| | ) |
| MEDICREDIT, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion for Summary Judgment (ECF No. 26) and Plaintiff's Motion for Partial Summary Judgment (ECF No. 29). These matters are fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Timberly Mygatt ("Mygatt") incurred debt as a result of medical treatment she received at Missouri Delta Medical Center ("MDMC"). (Plaintiff's Statement of Uncontroverted Facts in Conjunction with her Motion for Partial Summary Judgment ("PSUMF"), ECF No. 31, ¶2); Defendant's Statement of Uncontroverted Material Facts ("DSUMF"), ECF No. 28, ¶1).

Mygatt alleges Medicredit, Inc. ("Medicredit") served as the debt collector with respect to her debt owed to MDMC. (DSUMF, ¶8). Medicredit sent at least two collection letters to Mygatt in an attempt to collect the debt owed to MDMC. (PSUMF, ¶4). Medicredit mailed Mygatt a letter, dated December 24, 2014, listing a balance due of $300.23. (DSUMF, ¶9). Medicredit's December 24, 2014 letter did not disclose that the "Balance Due" of $300.23 would increase after the date of the letter. (PSUMF, ¶10). Medicredit mailed Mygatt a letter, dated April 25, 2015, listing a balance due of $308.20. (DSUMF, ¶10). Medicredit's April 25, 2015

letter did not disclose that the "Balance Due" would increase after the date of the letter. (PSUMF, ¶18). As of April 25, 2015, Medicredit was assessing 9% interest per annum on Mygatt's debt. (PSUMF, ¶ 21). Mygatt alleges that on October 23, 2015, she called Medicredit and was informed that the balance due was $319.44. (DSUMF, ¶11). Mygatt was told that the amount from Medicredit's April 25, 2015 letter had increased because Medicredit was assessing interest on Plaintiff's MDMC debt. (PSUMF, ¶26). Every dollar of interest that accrued on the MDMC debt occurred after the accounts were placed with Medicredit for collections. (PSUMF, ¶51).

On November 6, 2015, Mygatt filed her "Schedule F" as part of her voluntary Chapter 7 petition in bankruptcy, and listed her debts owed to Medicredit as $300.23 and $308.20. (DSUMF, ¶¶3-5). Mygatt was discharged in bankruptcy on June 1, 2016. (DSUMF, ¶ 7).

## DISCUSSION

### I.     MOTIONS FOR SUMMARY JUDGMENT

#### A. Motion for Summary Judgment Standard

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). The substantive law determines which facts are critical and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Id.* Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex Corp.*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. *Id.*

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. *Celotex Corp.*, 477 U.S. at 331. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Torgerson*, 643 F.3d at 1042 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

**B. Discussion**

**1. Plaintiff's Motion for Partial Summary Judgment**

Mygatt argues that she is entitled to partial summary judgment with respect to Medicredit's liability under 15 U.S.C. §1692e(2)(A). *See* 15 U.S.C. §1692e(2)(A) ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The false representation of the character, amount, or legal status of any debt."). Mygatt argues that the contents of Medicredit's December 24, 2014 and April 25, 2015 letters, along with the October 2015 collection call, violate the FDCPA because they informed Mygatt that she had a single "Balance Due" on a medical debt, but

Medicredit subsequently assessed and attempted to collect interest beyond the static balance amount listed in the letter. (ECF No. 30 at 1). *See Wideman v. Kramer & Frank, P.C.*, No. 4:14CV1495 SNLJ, 2015 WL 1623814, at *2 (E.D. Mo. Apr. 10, 2015) (denying motion to dismiss section 1692e(2)(A) claim where it was "undisputed that the collection letter did not state that the balance listed in the letter was subject to increase due to the accrual of interest"); *Ray v. Resurgent Capital Servs., L.P.*, No. 4:15CV272 JCH, 2015 WL 3453467, at *6 (E.D. Mo. May 29, 2015) (denying a motion to dismiss and citing approvingly to *Wideman*, "[a]n omission of the fact that a balance listed in a collection letter was subject to increase due to the accrual of interest has been held to violate" the FDCPA); *May v. Consumer Adjustment Co.*, No. 4:14CV166 HEA, 2015 WL 4506688, at *8 (E.D. Mo. July 24, 2015) (an allegation that the debt collector defendant, and not the original creditor, is actively assessing interest and/or additional charges sufficiently states a claim, but the court refused to "establish a bright line rule that a debt collector assessing interest without specifying so in its collection letters is, as a matter of law, liable for violating Sections 1692g(a)(1) and 1692e(2)(A) of the FDCPA"). As in those district court cases, Mygatt maintains that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. *See Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76 (2d Cir. 2016) ("Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.") (vacating dismissal of the plaintiffs' claims on this ground). Here, Mygatt argues that a strong case exists for imposing summary judgment: (1) the original

creditor did not charge interest on the account before sending it to collections; (2) the debt collector listed the amount due as a "balance due," not a "current balance"; (3) the debt collector did not provide an amount of the debt "as of" a date certain; and (4) the underlying debt was a medical debt, not a credit card debt. (ECF No. 30 at 10-14).

Medicredit contends that it was not required to make a prior demand because the underlying agreement with MDMC permitted accrual of interest. (ECF No. 36 at 2). Mygatt agreed that she would render "full payment to the [MDMC] for all services rendered to" her. (ECF No. 36 at 2). Medicredit takes the position that a debt collector is not required by the FDCPA to state that interest is accruing on debt. (ECF No. 36 at 3). Medicredit argues that whether a debt collector is required by the FDCPA to state that interest is accruing is a matter that must be evaluated on a case-by-case basis. (ECF No. 36 at 3). Medicredit contends that, as a bare minimum, a fact question exists on the issue that precludes summary judgment in favor of Mygatt. (ECF No. 36 at 3). Medicredit further contends that it adequately disclosed its assessment of interest. (ECF No. 36 at 3-6). Medicredit notes several cases which have held that a debt collector must disclose assessment of interest to avoid violating the FDCPA. (ECF No. 36 at 4 (citing *Wideman*, 2015 WL 1623814; *May*, 2015 WL 4506688, at *8). Medicredit, however, explains that none of the cases cited definitively held that omitting the disclosure of the assessment of interest is an automatic FDCPA violation. Rather, all of the cases held that the propriety of a FDCPA violation depended on the facts of the cases. Likewise, Medicredit states there is no Eighth Circuit authority regarding this issue. (ECF No. 36 at 6).

Medicredit claims that, contrary to her claim, Mygatt had prior notice that the amount of the debt was subject to increase. Unlike in *May* and *Gill*, Medicredit claims that Mygatt had prior to notice that the amount of her debt was subject to change because she signed an agreement that

allowed Medicredit to charge interest. Further, Medicredit argues that, contrary to the reasoning of *Gill* and *May*, credit card debt is not the only debt where consumers expect to be charged interest. (ECF No. 36 at 6-7). Medicredit argues that "[c]redit card debt is unique only for its extraordinary interest rates and fees, not for the mere existence of those rates and fees." (ECF No. 36 at 7).

Medicredit also argues that Mygatt cannot assert a claim under Section 1692g(a)(1) because Mygatt conceded during her bankruptcy proceedings that the amount of the debt owed was undisputed and correct. (ECF No. 36 at 7). Medicredit contends that it did not violate Section 1692e(2)(A) because Medicredit's communications "indisputably listed an amount in excess of the original balances." (ECF No. 36 at 8). Thus, Medicredit contends that it did not misrepresent the amount or character of the debt as necessary for Mygatt to prevail on her Section 1692e(2)(A) claim. Likewise, Medicredit argues that it was willing to accept the amounts listed on the statement "in full satisfaction of the debts, notwithstanding the assessment of interest" for 30 days following the dates on the letters. (ECF No. 36 at 8). Thus, Medicredit claims that its letters were not misleading as a matter of law.

The FDCPA specifically prohibits false representations about the "character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). "A closer question is whether claims arising under section 1692e may be resolved as a matter of law where the underlying facts are not in dispute." *Gill v. Credit Bureau of Carbon Cty.*, No. 14-CV-01888-KMT, 2015 WL 2128465, at *3 (D. Colo. May 5, 2015) (noting that the Second, Fourth, and Ninth Circuits have determined that the question of whether a communication is false and deceptive in violation of section 1692e is a question of law for the Court, but the Fifth, Sixth, Seventh, and Eleventh Circuits have come to the opposite conclusion, finding that this determination is a question of fact for the jury).

"Nevertheless, even the courts adopting [the latter] view have explained that not all cases require a jury trial if material facts are not disputed and the court is able to decide the case as a matter of law based on the language of the collection letter.'" *Gill*, 2015 WL 2128465, at *3 (citing *Kalebaugh v. Berman & Rabin, P.A.*, 43 F.Supp.3d 1215, 1222 (D. Kan. 2014); *Kuehn v. Cadle Co., Inc.*, 335 Fed. Appx. 827, 830 (11th Cir. 2009); *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007)).

The Court holds that Mygatt has failed to establish that she is entitled to summary judgment as a matter of law for her claim under 15 U.S.C. § 1692e(2)(A). As an initial matter, the Court notes that the case law from this district cited by Mygatt were all denials of motions to dismiss and have little value in determining a violation as a matter of law. Likewise, district courts have refused to identify a bright line rule of liability. *See Wideman*, 2015 WL 1623814; *May*, 2015 WL 4506688, at *8; *Gill*, 2015 WL 2128465, at *3. Rather, the district courts evaluated the facts of the cases and refused to dismiss the FDCPA claims on those facts.

Further, various factual disputes exist in this case which preclude entry of summary judgment. For example, it is unclear whether Mygatt was aware of the true amount of the debt, or whether Medicredit would have accepted the payment listed on the letter as full compensation, and whether Mygatt was aware of that option. *Wideman*, 2015 WL 1623814, at *3 ("These are factual disputes that are not properly determined on a motion to dismiss."); *May*, 2015 WL 4506688, at *8 ("Given that purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, ... , every case brought under the FDCPA necessarily requires a fact specific inquiry and analysis. For this reason, bright line rules are difficult to establish in the context of the FDCPA.")(internal citations omitted).

The Court also cannot decide as a matter of law that it is unreasonable for a consumer to assume that interest will not accrue on a medical debt. Moreover, the fact that the Eighth Circuit has yet to address whether a debt collector must disclose that interest is accruing on a debt bolsters this Court's decision to refrain from deciding this issue as a matter of law. Finding that the evidence before the Court is disputed and not amenable to disposition as a matter of law, the Court denies Mygatt's Motion for Summary Judgment.

### 2. Defendant's Motion for Summary Judgment

As an initial point, Medicredit contends that it was authorized to charge interest on Mygatt's debt with MDMC. (ECF No. 27 at 2-3). When Mygatt agreed to treatment at MDMC, she also agreed in writing that all otherwise unpaid amounts would become "due and payable at the time of discharge or discontinuation of treatment." (DSUMF, ¶2). Mygatt further agreed that "if the account becomes delinquent, interest on the amount due will accrue interest at the maximum amount allowed by law[.]" (SUMF, ¶2). Medicredit argues that this written agreement puts it outside the purview of Missouri's prejudgment interest statute, Mo. Rev. Stat. §408.020. (ECF No. 27 at 2). Because the accrual of interest is provided for under the written agreement, Medicredit argues it could assess interest without any demand required. (ECF No. 27 at 2).

Medicredit further argues that it did not violate the FDCPA by failing to disclose the accrual of interest in its letters. (ECF No. 27 at 3-6). Medicredit states that omitting to disclose the accrual of interest in a collection letter is not a violation of the FDCPA. (ECF No. 27 at 3). Medicredit acknowledges that several, recent district court cases have held that a debt collector may violate the FDCPA by sending a written demand for payment without specifying interest accruing on the debt. (ECF No. 27 at 3 (citing *May*, 2015 WL 4506688, at *8). Medicredit,

however, notes that the *May* Court stated that "it would be highly improvident for this Court to establish a bright line rule that a debt collector assessing interest without specifying so in its collection letters is, as a matter of law, liable for violating Sections 1692g(a)(1) and 1692e(2)(A) of the FDCPA. That inquiry, both in these proceedings, and in future cases, will necessarily turn on the particular facts of the case." *May*, 2015 WL 4506688, at *8. Medicredit argues that it is not liable under the FDCPA for failing to specify in its letters that interest was accruing because Mygatt has conceded and admitted that interest was accruing on her debt with Medicredit. (ECF No. 27 at 4). Medicredit notes that Mygatt received debt collection letters from Medicredit on December 24, 2014 and April 25, 2015. Mygatt called Medicredit regarding the change in the balance between the two letters and learned that her debt was accruing interest. Fourteen days later, Mygatt filed her bankruptcy case. When Mygatt filed her bankruptcy case, she filed schedules listing her assets and debts, which included the non-contingent, liquidated, and undisputed debts owed to Medicredit of $300.23 and $308.20. Mygatt attested that the schedules were true and correct to the best of her knowledge, information and belief and that the schedules were not subject to dispute. (ECF No. 27 at 4-5). Medicredit emphasizes that Mygatt made these representations even after she learned that her debt included interest. Medicredit argues that Mygatt's reliance on *May* is misplaced because here "everyone agrees to the nature and character of the debt," including the accrual of interest. (ECF No. 27 at 5). Medicredit argues that Mygatt cannot now argue that Medicredit misstated the amount or nature of the debt when she previously agreed under oath that Medicredit's statement of the debt was true and correct. (ECF No. 27 at 5). Given that Medicredit and Mygatt agreed on the amount and character of the debt, Medicredit claims that it is entitled to summary judgment in its favor on Mygatt's FDCPA claims. (ECF No. 27 at 6).

In response, Mygatt admits that she included her two debts with Medicredit on her schedules for bankruptcy. However, Mygatt claims that Medicredit has failed to demonstrate that it was entitled to assess interest on all four of her medical accounts prior to sending a written demand for payment, which is a violation of Section 1692f(1). Mygatt notes that Medicredit only provided an authorization form that corresponds to one of Mygatt's November 1, 2012 medical services. (ECF No. 32 at 5 (citing ECF No. 28-1)). Mygatt claims that Medicredit has not produced any forms or other documents referencing the accrual of interest for the medical services Mygatt received on October 12, 2012 and/or March 28, 2013. (ECF No. 32 at 5 (citing ECF Nos. 28-1 – 28-6)). Mygatt claims that there are no documents authorizing the accrual of interest on her second November 2, 2012 account and the March 28, 2013 account, yet Medicredit added interest for that account. (ECF No. 32 at 6). Thus, Mygatt claims that an issue of fact exists as to whether Medicredit was allowed to assess interest before sending its initial collection letter under Mo. Rev. Stat. §408.020. (ECF No. 32 at 6).

Further, Mygatt claims that the language of the November 1, 2012 authorization form does not support Medicredit's theory that it was allowed to immediately assess interest without proof of a prior written demand from Missouri Delta Medical Center. (ECF No. 32 at 6-7). Mygatt argues that Medicredit misreads the medical form to allow for automatic accrual of interest absent a demand for payment. The form provides:

> I/we hereby agree that all charges connected with this treatment not covered by insurance or other third party coverage are due and payable at the time of discharge or disconnection of treatment…. I/we further agree that if the account becomes delinquent, interest on the amount due will accrue at the maximum amount allowed by law.

Mygatt argues that "[t]he language referencing 'this treatment' reaffirms … that the guarantee of payment and interest provisions are tailored to the treatment and service date that is listed on the

authorization form." (ECF No. 32 at 7). Mygatt argues that this provision does not provide for the automatic accrual of interest absent a demand of payment. (ECF No. 32 at 7). Mygatt notes that the provision states that the interest will not accrue on the "amount due" until the account becomes delinquent. (ECF No. 32 at 7). Mygatt claims that "[i]n order for an amount to become due, and then subsequently delinquent (thereby triggering the accrual of interest on the account), it must first necessarily be reduced to a definite balance." (ECF No. 32 at 7). Mygatt argues that there is "inherently a requirement to send a bill and/or demand for payment before interest can accrue on the account." (ECF No. 32 at 8). That is, "an amount due cannot be delinquent before the consumer is even aware that he or she owes it." (ECF No. 32 at 8). Mygatt claims that Medicredit had to show that written notice was provided of the amount due and/or evidence that the amount due was delinquent before it could assess interest on the debt. Thus, Mygatt claims an issue of fact exists regarding whether Medicredit was allowed to assess interest when it received the accounts from Missouri Delta Medical Center. (ECF No. 32 at 8).

As another basis, Mygatt argues that Medicredit is not entitled to summary judgment simply because Mygatt included her debt with Medicredit on her bankruptcy schedules. (ECF No. 32 at 8-12). Mygatt claims that listing an amount as undisputed under Schedule F is not the same as conceding that the total amount due was accurately represented within a collection letter for purposes of §1692e and §1692g. Mygatt contends that "whether Medicredit was authorized to assess interest in the first place has no bearing on the separate inquiry of whether Medicredit sufficiently apprised Plaintiff of that fact within its collection letter under Section 1692e(2)(A) and/or §1692g(a)(1)." (ECF No. 32 at 10). Mygatt claims that the only relevance to her including her debt to Medicredit on her bankruptcy schedule that it provide a concrete illustration of the "misunderstanding that can occur when collecting multiple debts without disclosing that

daily interest is accruing on the amount listed." (ECF No. 32 at 10). Mygatt claims that, when she listed her debts on her bankruptcy schedule, she believed that the two letters corresponded to different dates of service with MDMC, not that her account was actively accruing interest. (ECF No. 32 at 10-11). Thus, Mygatt claims that her inclusion of Medicredit debt serves to further underscore her confusion and why debt collectors should disclose that interest is accruing on a debt, "especially in the context of medical accounts." (ECF No. 32 at 11). In addition, Mygatt notes that Medicredit sent an April 25, 2015 letter, indicating a balance of $308.20. However, during a call in October 2015, Medicredit attempted to collect a balance higher than listed in the letters, $319.44. Mygatt disputed that she owed the higher balance and she refused to put the higher amount on her bankruptcy schedule. Thus, Mygatt claims that she purposefully did not include the $319.44 on her schedules because she disputed Medicredit's ability to accrue interest.

Finally, Mygatt contends that Medicredit is not entitled to summary judgment in its favor because Medicredit has not addressed the line of cases from this district holding that a debt collector must disclose that it is collecting interest. (ECF No. 32 at 12-13). Likewise, Mygatt claims that Medicredit has not addressed the Second Circuit's decision in *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016), vacating the judgment of the district court insofar as it dismissed plaintiffs' claim that defendants violated the FDCPA by sending plaintiffs a collection notice stating their "current balance" without disclosing that the balance might increase over time due to interest and fees. *Id.* at 77. Mygatt argues that, unlike the cases which found that FDCPA does not impose a duty to inform the consumer that the debt is accruing interest, the underlying debt was a medical, not a credit card account. (ECF No. 32 at 14). Also, Mygatt argues that Medicredit informed Mygatt that she owed $300.23, but Mygatt was never informed that Medicredit was accruing interest. Likewise, Medicredit did not provide a payoff date

specifying when Medicredit would honor payment in full of the static amount it listed within its letter. Mygatt claims that she did not learn until October 2015 that Medicredit was assessing interest on her medical account. (ECF No. 32 at 14-15). As a result, Mygatt maintains that this Court must deny summary judgment.

The Court denies Medicredit's Motion for Summary Judgment. As previously discussed, whether there was a violation of the FDCPA is largely an issue of fact that is not generally amenable to summary judgment. The Court holds that various factual disputes preclude entry of summary judgment. Medicredit has not shown as a matter of law that a reasonable consumer would have known that Medicredit was assessing interest on Mygatt's medical debt. Specifically, Medicredit has not shown that Mygatt was aware that interest could be or was accruing on her debt. Nor has Medicredit shown that any demand for payment was ever made to Mygatt. Medicredit also has not proven that it had the legal authority to assess interest on all of the accounts for which it charged interest. Further, the Court holds that Mygatt has provided a plausible explanation for her inclusion of the debt with Medicredit on her Schedule F bankruptcy form, even though she was unaware of the accruing interest. The Court holds that this issue of fact precludes a finding that the debt was undisputed. Likewise, Medicredit has not shown that Mygatt knew that Medicredit would have accepted the amounts stated in its correspondence for thirty (30) days after the letters were sent. In sum, the Court determines that Medicredit failed to show that the letters sent to Mygatt did not misrepresent the amount due as a matter of law. The Court finds, without holding, that a reasonable person could find that the balance provided to Mygatt, which did not state that interest was accruing, was confusing. The Court defers to a factfinder to determine whether Medicredit violated the FDCPA.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 26) and Plaintiff's Motion for Partial Summary Judgment (ECF No. 29) are **DENIED**.

Dated this 18th day of May, 2017.

                                          **RONNIE L. WHITE**
                                          **UNITED STATES DISTRICT JUDGE**